UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------------------x
ANTWANN FROST, DARNELL SMITH           :
                                        :
    Plaintiffs,                         :
                                        :  CASE NO. 1:06MS00360 (ESH)(AK)
                                        :
    v.                                  :
                                        :
CHRISTOPHER BRIDGES, KANYE WEST,        :
EMI APRIL MUSIC, INC., a Connecticut    :
Corporation, LUDACRIS MUSIC PUBLISHING, :
INC., YE WORLD MUSIC, UMG               :
RECORDINGS, INC, and JOHN DOE           :
DEFENDANTS 1-100                        :
                                        :
    Defendants.                         :
---------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION
## TO QUASH SUBPOENA TO LITA ROSARIO-DAVIS

Defendants Christopher Bridges, Kanye West, EMI April Music Inc., Ludacris Music Publishing, Inc. and Ye World Publishing, Inc. (incorrectly sued as "Ye World Music") (collectively "Defendants") respectfully submit this memorandum of law in opposition to Lita Rosario-Davis's ("Rosario") motion to quash the June 9, 2006 subpoena *duces tecum* and July 26, 2006 deposition subpoena duly served upon her. (Exhibits A and B to the Declaration of Justin N. Kattan ("Kattan Decl."))

### PRELIMINARY STATEMENT

In the above-captioned copyright infringement action, Plaintiffs, two members of a music group known as "Untold," claim that Defendants' song "Stand Up" infringes upon their work titled "What I'm Look-N 4". In large measure, Plaintiffs' case is premised on the association between Untold and their former management company, Ebony Son Entertainment ("Ebony Son"); Plaintiffs allege that through representatives of Ebony Son, who also managed Defendant

1

Christopher Bridges (the recording and performing artist professionally known as Ludacris), Mr. Bridges had access to the allegedly infringed song prior to the creation of "Stand Up" in May 2003. *See* Complaint, ¶¶ 16-19 (Ex. A to Rosario's Motion To Quash Subpoenas).

Through documents produced by Plaintiffs in discovery, Defendants learned that in 2001 and 2002 Rosario represented Untold in connection with their attempts to procure management and/or recording contracts. In that capacity, Rosario had communications with Jeff Dixon, a principal of Ebony Son, on behalf of Untold. Given the paramount importance placed by Plaintiffs in this litigation on their relationship to Ebony Son – Plaintiffs concede that they never directly provided any Defendant with access to the allegedly infringed song – Defendants are entitled to take discovery regarding all aspects of that relationship, including Rosario's knowledge thereof and the subject of her communications with Ebony Son.

Moreover, the documents produced by Plaintiffs in response to Defendants' discovery demands – the vast majority of which came from Rosario's own files and which consisted primarily of materials written by or to Rosario – and Plaintiffs' deposition testimony reveal that Rosario may possess discoverable information regarding other pertinent topics, including:

- Untold's association with Black Rain Records, with whom Untold entered into a recording and publishing agreement, and who may have an interest in the copyright to the allegedly infringed song, "What I'm Look-N-4";

- Untold's association with other entities, who according to Plaintiffs' responses to Defendants' interrogatories, were involved with attempts to license and/or distribute "What I'm Look-N-4"; and

- Plaintiffs' application to the United States Copyright Office for a registration for "What I'm Look-N-4" and the accuracy of the information contained therein.

In light of Rosario's extensive involvement with Plaintiffs' career, Defendants have sought further documents from Rosario's files and to take Rosario's deposition on August 16,

2006 at 10:00 a.m.[1] Only by taking an overly narrow view of what facts may be "relevant" to the case at bar, and by ignoring the body of caselaw stating that a party's litigation counsel can be deposed where she participated in or may have knowledge of the facts and circumstances underlying the litigation, can Rosario seek to evade Defendants' duly-served subpoenas for her testimony and documents.[2] Because Defendants seek to question Rosario regarding her communications with third-parties on behalf of Untold, and regarding facts pertaining to Untold's career and relationship with Ebony Son, there is simply no attorney-client issue raised by Defendants' subpoenas.

## **ARGUMENT**

It is well-settled that the "deposition-discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long 'accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts [need not] be carried on in the dark.'" *In re Subpoena Issued To Dennis Friedman, Esq.*, 350 F.3d 65, 69 (2d Cir. 2003), *citing Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964). Moreover, the Rules provide for discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party," and that "[r]elevant information need not be admissible." Fed. R. Civ. P. 26(b)(1); *Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV-GOLD, 2001 WL

---

[1] Defendants are compelled to take Rosario's deposition on August 16 and request that this Court consider the instant motion on an expedited basis because, pursuant to the April 28, 2006 case management order entered by Judge Jed S. Rakoff of the Southern District of New York, the parties in the above-captioned matter are subject to an August 18, 2006 discovery cut-off. (Kattan Decl., Ex. C). Judge Rakoff has denied the parties' request for an extension of the discovery deadline.

[2] Rosario has represented to Defendants' counsel (although not in writing) that the materials produced by Plaintiffs in response to Defendants' Request for Production of Documents came primarily from her files, and that there are no further documents responsive to the June 9, 2006 subpoena *duces tecum*. If in fact Rosario has already turned over all documents responsive to the subpoena, Defendants respectfully request that she be ordered to confirm this either in writing to Defendants or under oath at her deposition.

34079319, *2 (S.D. Fla. Nov. 1, 2001) ("Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has *no possible bearing* on the subject matter of the action") (emphasis added); *Ares-Serono, Inc. v. Organon Int'l B.V.*, 151 F.R.D. 215, 219 (D.Mass. 1993); *Fletcher v. City of New York*, No. 84 Civ. 1376 (IBC), 1988 WL 13770, *1 (S.D.N.Y. Feb. 16, 1988).

Where, as here, "an attorney for a party has information concerning the underlying events supporting the suit, the attorney cannot shield relevant facts merely because he was an attorney for that party." *Sadowski v. Gudmondsson*, 206 F.R.D. 25, 27 (D.D.C. 2002). As Magistrate Judge Facciola stated in *Sadowski*, which denied a copyright infringement plaintiff's motion to quash a subpoena served on his trial attorney – who also represented the plaintiff in connection with the filing of his copyright registration – "several cases have recognized a party's right to depose an opposing party's trial counsel who has also participated in the events that underlie the action. *Id*. at 26, *citing Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J. 1990) and *United Phosphorous, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 249 (D. Kan. 1995); *see also U.S. v. Philip Morris Inc.*, 209 F.R.D. 13 (D.D.C. 2002); *In re Subpoena Issued To Dennis Friedman, Esq.*, 350 F.3d at 72; *Calvin Klein Trademark Trust v. Wachner*, 124 F. Supp. 2d 207 (S.D.N.Y. 2000).

At a minimum, Defendants are entitled to question Rosario regarding her dealings with Ebony Son. Rosario correctly points out that in order to prevail on their copyright infringement claim, Plaintiffs must prove that Defendants had access to the allegedly infringed work prior to the creation of "Stand Up". *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 308 (S.D.N.Y. 1999). As discussed above, Plaintiffs do not contend that they provided any of the Defendants with copies of "What I'm Look-N-4" (*see, e.g.*, Kattan Decl. Ex. D, Frost Dep. Tr., 8/3/06, pp. 239-40). Rather, Plaintiffs claim that based on representations made by Ebony Son, Plaintiffs understood

4

that Defendant Bridges had listened to "What I'm Look-N-4" and had discussed performing on the song. (*Id*. at pp. 210-13).[3] Notably, there is no direct evidence to support this contention, and the *only* documents produced by Plaintiffs reflecting communications between Untold and Ebony Son prior to the creation of "Stand Up" are faxes from Rosario to Jeff Dixon, one of Ebony Son's principals. (Kattan Decl. Ex. E). These documents also indicate that there may have been further communications between Rosario and Ebony Son on Untold's behalf. Defendants are entitled to discover whether Rosario has any pertinent knowledge as the result of her dealings with Ebony Son, and Rosario must be deposed in order to determine whether these or any other correspondence bear upon Plaintiffs' access claim.

Documents produced during discovery also indicate that Rosario has knowledge or information regarding entities that may possess copyright interests in and to "What I'm Look-N-4". For instance, in March 2002, Untold transferred 50% of its copyright interest in its songs to an entity known as Black Rain Records ("BRR"). (Kattan Decl. Ex. F). Documents provided to Defendants demonstrate that Rosario handled the group's dealings with BRR, therefore she would be able to testify regarding whether that agreement applies to "What I'm Look-N-4" and, if so, whether the agreement remains in force. (*Id*.).[4]

Plaintiffs' responses to Defendants' interrogatories indicate that other individuals may possess rights in and to the allegedly infringed song, and that other entities with which Rosario dealt on behalf of Untold may have been involved with attempts to license and/or distribute "What I'm Look-N-4". (Kattan Decl., Ex. G). As with the attorney the defendants sought to depose in *Sadowski*, Rosario may possess "unique or superior knowledge" regarding these facts,

---

[3] Although obviously not at issue on the instant motion, Defendants dispute that Defendants had access to "What I'm Look-N-4" both as a factual matter and as a matter of law.

[4] Although Plaintiffs' document production contains unsigned drafts of an agreement that would have ended Untold's affiliation with BRR, no signed final document has been produced.

206 F.R.D. at 27, especially given Plaintiffs' testimony that they have little or no knowledge regarding their attorneys' business dealings on their behalf. (*See, e.g.*, Kattan Decl., Ex. D, Frost Dep. Tr., 8/3/06, pp. 154-57). Although Rosario claims that she has no information relevant to this action, Defendants are entitled to test the veracity of that claim under oath.[5] Finally, Rosario assisted Plaintiffs with their application for a copyright registration for "What I'm Look-N-4", (Kattan Decl., Ex. G; Ex. H), and Defendants are entitled to question her regarding the accuracy of the information contained therein. *See Sadowski*, 206 F.R.D. at 26-27.

Rosario's claim that Defendants' subpoena threatens her clients' attorney-client privilege is a red herring. Through the requested deposition, Defendants are not seeking to explore communications between Rosario and her clients regarding this litigation or any other privileged matter. Rather, Defendants seek to depose Rosario regarding her communications with third-parties – including, Ebony Son, BRR and others – and are seeking factual information regarding Untold's career. It cannot be disputed that such communications are not privileged. *Byers v. Burleson*, 100 F.R.D. 436, 438 (D.D.C. 1983). Similarly, Rosario possesses factual knowledge regarding Untold's career and ownership of "What I'm Look-N-4", which facts likewise do not fall within the ambit of attorney-client relations. *Id.*, *citing Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

---

[5] Rosario repeatedly states that her deposition is unnecessary because she did not represent Untold during the three-month time period between January and March 2003 when the facts claimed in Plaintiffs' complaint allegedly occurred. There is no basis for such a myopic view of discovery. Defendants are entitled to discover all facts that may bear upon their defenses to Plaintiffs' claim, and they are not limited to seeking documents and information from the time period immediately surrounding the alleged "infringing acts."

6

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that this Court deny Lita Rosario-Davis's motion to quash, and for such other and further relief that the Court deems just and proper.


Dated: August 10, 2006                                   SONNENSCHEIN NATH & ROSENTHAL LLP


                                                         By:_____/s/_____
                                                             William E. Copley
                                                             1301 K Street NW,
                                                             Suite 600, East Tower
                                                             Washington, D.C. 20005
                                                             Tel: (202) 408-9217

*Attorneys for Defendants Christopher Bridges, Kanye West, Ludacris Music Publishing, Inc., Ye World Publishing, Inc. (incorrectly sued as "Ye World Music") and EMI April Music Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2006, I served a copy of the foregoing Memorandum of Law in Opposition to Motion to Quash Subpoena to Lita Rosario-Davis by Federal Express for overnight delivery upon:

>
> Lita Rosario-Davis, Esq.
> 1229 15th Street, NW
> Washington, D.C. 20005
> *Attorney for Plaintiffs*
>
> Andrew Bart, Esq.
> Jenner & Block
> 919 Third Avenue
> New York, New York 10022
> *Attorneys for UMG Recordings, Inc.*

_____/s/_____
William E. Copley