# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ District of Columbia _____

Antwann Frost, et al.,
Plaintiffs

V.

Christopher Bridges, et al.
Defendants

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 06 Civ. 0874
Southern District of New York

TO: Lita Rosario-Davis
WYZ Girl Entertainment
1229 15th Street NW
Washington, D.C. 20005

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
DOCUMENTS RESPONSIVE TO REQUESTS SET FORTH IN ATTACHMENT A HERETO

| PLACE | DATE AND TIME |
|---|---|
| Sonnenschein Nath & Rosenthal LLP, 1301 K St. NW, Suite 600, East Tower, Washington D.C. 20005 | June 19, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorneys for Defendants | 6/9/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel Barnowski, 1301 K St. NW, Suite 600, East Tower, Washington D.C. 20005, (202) 408-6400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

**REQUEST NO. 1**:

All documents concerning the formation of the performing/recording artists Untold.

**REQUEST NO. 2**:

All documents concerning the ownership of the composition and/or recording "What I'm Look-N-4."

**REQUEST NO. 3**:

All recordings created at any time of the musical composition "What I'm Look-N-4".

**REQUEST NO. 4**:

All documents concerning the creation of the composition "What I'm Look-N-4," including but not limited to any recording, sheet music or handwritten notes embodying any music or lyrics of that composition.

**REQUEST NO. 5**:

All documents concerning the authors of "What I'm Look-N-4", including but not limited to all documents concerning the songwriting career of any author of "What I'm Look-N-4".

**REQUEST NO. 6**:

All documents concerning the recording or production of the composition "What I'm Look-N-4" at any recording studio, including but not limited to studio logs, notes of recording

17521473\V-1

sessions, invoices, bills; receipts, cancelled checks, and documents referring to the dates on which "What I'm Look-N-4" was recorded.

**REQUEST NO. 7**:

All documents concerning the public performance, broadcast, publication, license, reproduction, sale, or other exploitation in any form or medium of "What I'm Look-N-4," from the date of its creation to the present.

**REQUEST NO. 8**:

All documents concerning any rights or interests of Antwann Frost, Darnell Smith and/or any other party in and to the composition "What I'm Look-N-4."

**REQUEST NO. 9**:

All documents reflecting communications between you and/or your firm and/or any of the plaintiffs in *Frost, et al. v. Bridges, et al.*, 06 CV 00874 (JSR) (the "Frost Litigation"), on the one hand, and the plaintiffs in *BMS Entertainment/Heat Music LLC, et al. v. Bridges, et al.*, 04 CV 02584 (PKC) (the "BMS Litigation") and/or their attorneys on the other hand.

**REQUEST NO. 10**:

All documents concerning any relationship between plaintiffs and WYZ Girl Entertainment, including but not limited to, any and all agreements and/or contracts between plaintiffs and WYZ Girl Entertainment, and any and all communications concerning the composition "What I'm Look-N-4."

**REQUEST NO. 11:**

All documents concerning any communications between plaintiffs in the Frost Litigation and Ebony Sun Management.

**REQUEST NO. 12:**

All documents concerning any license or permission, whether formal or informal, requested or granted to any person, entity or group to undertake a public performance of the composition "What I'm Look-N-4."

**REQUEST NO. 13:**

All documents concerning any license or permission, whether formal or informal, requested or granted to any person, entity or group to make, acquire, play, reproduce, broadcast, sell or otherwise exploit, in any manner an audio, visual or audio-visual recording of the composition "What I'm Look-N-4," or any "sample" or portion thereof.

**REQUEST NO. 14:**

All documents concerning any license or permission, whether formal or informal, requested or granted to any person, entity or group to make, acquire, reproduce, offer for sale, sell, publish or distribute in any manner any sheet music consisting in whole or in part of the composition "What I'm Look-N-4."

**REQUEST NO. 15**:

All documents relating to communications with the United States Copyright Office relating to the composition or recording "What I'm Look-N-4," including but not limited to all documents relating to any application(s) made to the United States Copyright Office for a copyright registration related to "What I'm Look-N-4."

**REQUEST NO. 16**:

All documents concerning any communications with the United States Copyright Office relating to any compositions authored either by Antwann Frost or Darnell Smith or Untold or any member of Untold.

**REQUEST NO. 17**:

All documents relied on, or to be relied on, to support any allegations made in the Complaint filed in the Frost Litigation.

**REQUEST NO. 18**:

All documents concerning the musical career of Untold, Antwann Frost and Darnell Smith, including but not limited to any and all recordings created or compositions authored by Untold, Frost or Smith.

**REQUEST NO. 19**:

All documents reflecting income received by Untold.

- 4 -

**REQUEST NO. 20**:

All documents reflecting income received by Antwann Frost and Darnell Smith derived from their music careers, including but not limited to documents reflecting income derived from their activities with Untold.

**REQUEST NO. 21**:

All documents relating to the July 29, 2005 "Musical Analysis" prepared by Daniel Eliezer Friedman, including but not limited to, drafts of the "Musical Analysis," and documents reflecting communications between Mr. Friedman and the plaintiffs in the Frost Litigation and/or their attorneys and/or WYZ Girl Entertainment.