UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| ANTWANN FROST, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Miscellaneous No. 06-360 (ESH/AK) |
| CHRISTOPHER BRIDGES, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is a Motion to Quash Subpoenas ("Motion") [1] by Movant Lita Rosario-Davis ("Movant" or "Rosario-Davis") and a Memorandum in support of the Motion ("Memorandum"); a Memorandum of Law in Opposition to the Motion ("Opposition") [3] by Defendants; and Movant's reply to the Opposition ("Reply") [5]. Pursuant to Fed. R. Civ. P. 45(c)(3), Movant Rosario-Davis requests that this Court quash two subpoenas issued by Defendants. The Defendants' subpoena *duces tecum* dated June 9, 2006 requested production of documents by June 19, 2006, and the subpoena *ad testificandum*, dated July 27, 2006, requests that Movant make herself available for a deposition on August 16, 2006.

Movant filed a timely motion to quash the subpoenas on July 31, 2006. Defendants filed their Opposition on August 10, 2006, and subsequently requested expedited consideration of the Motion, because of the August 18, 2006 discovery cut-off imposed by the trial court in the Southern District of New York. By Minute Order dated August 11, 2006, this Court granted the motion to expedite consideration and ordered Movant to file her reply to the Opposition by no

later than 6:00 p.m. on August 15, 2006.[1]  Movant complied with that Minute Order and the Motion is now ripe for consideration by the Court.

## Legal Standard

Federal Rule of Civil Procedure 45 permits a party to litigation to subpoena documents and tangible things, "command[ing] each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in [its] possession, custody or control of that person, . . . ."  Rule 45(a)(1) (C). Pursuant to Fed. R. Civ. P. 45 (c)(1), "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(c)(3)(A) allows a court to quash or modify a subpoena, if among other things, it "requires disclosure of privileged or other protected matter and no exception or waiver applies" or "subjects a person to undue burden."

## Analysis

Movant Rosario-Davis is an attorney who previously represented the Plaintiffs "in connection with unrelated entertainment related transactional matters from on or about February 2001 until on or about January 2, 2003." (Reply at 3.)  Plaintiffs "again retained the services of Attorney Lita Rosario-Davis in connection with this action on or about May 2005, more than a year and a half after the alleged infringement." (Reply at 6.) [2]

---

[1]The Court notes that if Defendants had filed their Opposition in a more expedited manner, this Motion would have been ripe for consideration prior to August 16, 2006.

[2]In her Motion, Rosario-Davis indicates that she "will be admitted to the United States District Court for the Southern District of New York [on] August 1, 2006 and will file a notice of appearance in the underlying action . . . ." (Motion at 2, n.1.)

Defendants' June 9, 2006 subpoena seeks production of all documents and materials relating to the allegations in the Complaint. (*See* copy of June 6, 2006 subpoena attached as Motion, Exhibit B.) Defendants acknowledge that Movant has "represented to Defendants' counsel . . . that the materials produced by Plaintiffs in response to Defendants' Request for Production of Documents came primarily from her files, and that there are no further documents responsive to the June 9, 2006 subpoena *duces tecum*." (Opposition at 3 n.2.) They request that Rosario-Davis be ordered to confirm this "either in writing to Defendants or under oath at her deposition." (*Id.*) Defendant's request overlooks Movant's assertion, in her Motion [a pleading filed with this Court and signed by Rosario-Davis], that "[w]ith the exception of attorney-client privileged information, all such documents have been produced to Defendants pursuant to 'Defendants First Request for Production of Documents and Interrogatories.'" (*See also* Privilege Log attached as Motion, Exhibit D.) The Court finds that Movant's production of documents and a privilege log, coupled with her statement that all responsive non-privileged documents have been produced is sufficient to constitute compliance with the subpoena *duces tecum*. The motion to quash should accordingly be granted with regard to that subpoena.

With regard to the subpoena *ad testificandum*, Defendants contend that Rosario-Davis "may possess discoverable information" regarding the Plaintiffs' [two members of a music group known as "Untold"] "association with Black Rain Records, with whom [they] entered into a recording and publishing agreement[;]" Plaintiffs' "association with other entities, who . . . were involved with attempts to license and/or distribute [the musical composition] 'What I'm Look-N-4;" and the "application to the United States Copyright Office for a registration for [the

musical composition] and the accuracy of the information contained therein." (Opposition at 2.)[3]

Rosario-Davis contests compliance with the subpoena on grounds that it is unduly burdensome and seeks information that is neither relevant nor probative to matters specifically at issue in this case. (Memorandum at 5.) [4] For purposes of discovery, relevance is broadly construed. *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp.2d 83, 86 (D.D.C. 2005) (citing *Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997).) If a relevancy objection is raised, the party seeking discovery must demonstrate that the information sought to be compelled is discoverable. *See Alexander v. Federal Bureau of Investigation*, 194 F.R.D. 316, 325 (D.D.C. 2000). In this case, Movant claims that the materials sought by Defendants are not discoverable because they involve attorney-client privileged communications. (Memorandum at 8.)[5]

---

[3]Defendants contend that "[a]t a minimum, [they] are entitled to question Rosario regarding her dealing with Ebony Sun." (Opposition at 4.) Ebony Sun Entertainment is Plaintiffs' former management company, which also managed Defendant Christopher Bridges. (Opposition at 1-2.) According to Rosario-Davis, Ebony Sun's principals and employees have already been deposed in the underlying action. (Reply at 5.) It even appears that Defendants' counsel may have represented the Ebony Sun fact witnesses during their depositions, and thus, it seems that Defendants already have access to information relating to Plaintiffs' dealings with Ebony Sun. (*See id.*)

[4]Rosario-Davis states that "[t]he claims in the Complaint center around events taking place between March 2003 and October 2003 [when Plaintiffs were represented by different counsel]." (Reply at 6.) She further asserts that "there is no allegation in the Complaint or the Answers regarding matters prior to January 2003 [when her representation of Plaintiffs was formally terminated.]" (*Id.*)

[5]Movant asserts that Defendants are "attempt[ing] to obtain materials for the years prior to creation of the Infringed Composition [and] prior to Ebony Sun's representation of the Plaintiffs." (Reply at 7.)

In her Reply, Rosario-Davis addresses these aforementioned topics and asserts that because of the timing of the termination of her professional relationship with Plaintiffs on January 2, 2003, she did not act as counsel for Plaintiffs when the events giving rise to the allegations in the Complaint occurred. Rosario-Davis observes that Defendants may be better served seeking information from counsel who represented Plaintiffs during 2003, and/or directly from representatives of Ebony Sun and Black Rain Records. (Reply at 3-5.)[6]

In light of the Movant's representations that she does not possess any non-privileged information relevant to the claims and defenses in this matter [other than the information that has already been produced], the Court anticipates that this deposition will not be unduly burdensome in terms of preparation and timing.[7] Although Rosario-Davis represented Plaintiffs from February 2001 through January 2, 2003, albeit in matters unrelated to the allegations in the Complaint, it appears she now represents [or will soon represent] Plaintiffs in this matter. Thus, any deposition questions relating to this case may be privileged. The Court cannot however speculate as to whether any questions will be barred. Therefore, the Court holds that the deposition of Lita Rosario-Davis may proceed. If there are controversies during the deposition

---

[6] For example, Movant acknowledges that while she did have "limited communication with Jeff Dixon, a principal of Ebony Sun Entertainment[,]" she asserts that such communication "involved matters that had nothing to do with the current litigation or specifically the allegations in the Complaint or Answer." (Reply at 4.)

[7] Defendants are cautioned not to turn this deposition into an impermissible "fishing expedition" but instead to focus on the claims and defenses asserted in this case and proceed expeditiously.

relating to whether a particular inquiry is appropriate, counsel are directed to contact chambers by telephone.

It is accordingly, this 16th day of August, 2006,

ORDERED that the Motion to Quash [1] is **granted in part and denied in part**. The Court quashes the Defendants' request for Movant's certification regarding the subpoena *duces tecum*. The Court denies the Motion to Quash with regard to the deposition of Lita Roasario-Davis and allows the deposition to proceed. Such deposition should be taken at a time and place convenient to the deponent.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE